DONALD W. BUNSELMEIER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Bunselmeier v. Commissioner
Docket No. 6632-80.
United States Tax Court
T.C. Memo 1982-450; 1982 Tax Ct. Memo LEXIS 294; 44 T.C.M. (CCH) 714; T.C.M. (RIA) 82450; August 4, 1982. Donald W. Bunselmeier, pro se. Kenneth W. McWade, for the respondent. GOFFE
MEMORANDUM OPINION GOFFE, Judge: The Commissioner determined deficiencies in petitioner's Federal income tax, as well as additions to tax under section 6653(a), [1] as follows: Year
Deficiency
Addition to Tax
1976
$2,578.89
$128.94
1977
2,416.20
120.81
Some of the items that were originally in dispute have been conceded by petitioner; the only issues remaining for decision are: (1) whether petitioner was eligible to claim the exemption for cost-of-living allowances provided for *295 in section 912(2); and (2) whether any part of any underpayment by petitioner was due to negligence. This case has been submitted fully stipulated pursuant to Rule 122. The facts and exhibits stipulated are incorporated herein by this reference. Petitioner filed timely Federal income tax returns for the taxable years 1976 and 1977 with the Western Service Center in Ogden, Utah. At the time he filed the petition in this case, petitioner resided in Delta Junction, Alaska. During the years in question, petitioner was employed by the State of Alaska as a wildlife protection officer. In this position, petitioner was required to be aware of and enforce both state and Federal wildlife protection statutes. In his Federal income tax returns for 1976 and 1977 petitioner excluded from gross income the amounts of $6,158 and $6,223, respectively. Those amounts represented cost-of-living allowances received by petitioner from his employer, and it is petitioner's position that the allowances were eligible for the exemption from taxation provided for in section 912(2). In the notice of deficiency issued to petitioner, the Commissioner stated his determination that petitioner's cost-of-living *296 allowances were not exempt from taxation, as well as his determination that petitioner was negligent in claiming the exemption. The pertinent parts of section 912 provide as follows: The following items shall not be included in gross income, and shall be exempt from taxation under this subtitle: (2) COST-OF-LIVING ALLOWANCES.--In the case of civilian officers or employees of the Government of the United States stationed outside the continental United States (other than Alaska), amounts (other than amounts received under title II of the Overseas Differentials and Allowances Act) received as cost-of-living allowances in accordance with regulations approved by the President. The exemption is clearly available only to officers or employees of the Government of the United States. Petitioner was not an officer or employee of the United States, but of the State of Alaska. We therefore sustain respondent's determination that his cost-of-living allowances were not exempt from taxation. Section 6653(a) provides for an addition to tax if any part of any underpayment is due to negligence. The burden is on petitioner to prove that the additions to tax for negligence were imposed in *297 error. , affd. ; Rule 142(a). Petitioner has not submitted any proof or made any argument that his underpayments were not due to negligence. Accordingly, we sustain respondent on this issue. Decision will be entered for the respondent.
Footnotes
1. Statutory references are to the Internal Revenue Code of 1954, as amended, and references to "Rules" are to the Tax Court Rules of Practice and Procedure.↩